UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14022-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EARNEST CUMMINGS,

    Defendant.

_____/

FILED by _____ D.C.

MAR 24 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 13-1002]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, Mr. Wallace's letter of explanation, the attached time records setting forth the tasks performed and the time devoted to each task, and this Court otherwise being advised in the premises recommends to the District Court as follows:

    1.    The CJA Administrator has adjusted the hours and amounts set forth in the CJA Voucher submitted by counsel for the Defendant. The Administrator has adjusted these to correctly reflect the time devoted to each task and the applicable hourly rate. During the pendency of counsel's representation of the Defendant, the hourly rate varied from $125.00 an hour to $110.00 an hour based upon directions from the Administrative Office. Based upon those adjustments, the CJA Voucher seeks reimbursement of 2.8 hours of in-court time for a total of $338.00 at the $125.00 and $110.00 an hour rate as reflected in purple by the CJA Administrator's adjustments. The voucher also seeks reimbursement of 85.6 hours of out-of-court time at $125.00 an hour and 32.7 hours of out-of-court time at $110.00 an hour for a total amount of $14,297.00. This voucher also seeks

travel expenses in the nature of mileage for a total of $1,717.60 and copying expenses in the amount of $43.50.

2. This Court has reviewed the CJA Voucher submitted by counsel as well as the attached time records and Mr. Wallace's letter of explanation as to why this voucher exceeds the $9,700.00 statutory cap. This Court conducted all of the pretrial proceedings in this case, including the change of plea hearing. Therefore, this Court is familiar with the matters as they relate to the Defendant Cummings.

3. This case originated with the filing of a Complaint. Mr. Wallace was appointed by this Court as Criminal Justice Act counsel on March 22, 2013. This Court conducted a Detention Hearing that same day and detained the Defendant.

4. An Indictment was returned in this case on or about March 28, 2013. This Court arraigned the Defendant on that Indictment on March 29, 2013. Thereafter there were no further court appearances or hearings until such time as the Court took the Defendant's change of plea on August 21, 2013. In the interim, there appears to be one response by the government to the Standing Discovery Order providing discovery to the Defendant. There was also a motion to continue trial filed by the Defendant.

5. Subsequent to the Defendant's change of plea before this Court on August 21, 2013, a Report and Recommendation was issued to the District Court. That change of plea was pursuant to a plea agreement and a factual proffer as noted in the record. The District Court adopted this Court's Report and Recommendation on September 11, 2013.

6. The Defendant's request to continue sentencing hearing was denied by the District Court and sentencing was conducted by Judge Martinez on October 22, 2013. At that time, the Defendant was sentenced by Judge Martinez to 150 months in the Bureau

of Prisons to be followed by two years of supervised release. Other conditions of sentence are more particularly set forth in the Judgment and Sentence [D.E. #43].

7. The Indictment in this case charges the Defendant with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1). There were no extensive evidentiary hearings in this matter.

8. This is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). Additionally, it is not necessary for this Court to conduct an evidentiary hearing since this Court conducted all of the pretrial proceedings.

9. The attorney's fees sought by Mr. Wallace exceed the statutory cap referenced above which is more particularly set forth in 18 U.S.C. §3006A(d)(3). As a result, this Court must determine whether there is justification to waive or exceed the statutory cap of $9,700.00. This Court must determine if the matter was "extended" or "complex" as defined in that statute and the applicable case law. This Court notes that Mr. Wallace's letter of explanation to the Court dated January 26, 2014 which accompanies the CJA Voucher, claims that the case was extended and complex due to the interview times of 24.6 hours and 8.8 hours in respect to the Defendant's cooperation with "7 different agencies on over a dozen cases." Mr. Wallace's letter also notes 35 hours of travel back and forth to Fort Pierce. This Court does note that there were sixteen trips set forth in the submissions by Mr. Wallace. Those trips and the amount claimed all appear to be reasonable. The copying costs of $43.50 also appear to have been reasonably expended. Therefore, the travel expenses and copying costs should be granted in full.

10. An "extended" case is one requiring more time than normal under similar facts and circumstances. A "complex" case is defined as one involving facts so unusual as to justify the expenditure of more time, skill and effort than the normal case would require. See Eason v. United States, 2010 WL 5575741 (S.D. Fla. 2010) and United States of America v. Moreira, 2009 WL 362095 (S.D. Fla. 2009).

11. This case proceeded in a normal fashion. There were no extensive hearings nor evidentiary issues decided by this Court nor the District Court. As referenced above, this Court even conducted the change of plea hearing pursuant to the Defendant's plea agreement and agreed proffer of factual basis to support the Defendant's plea of guilty. This Court has already noted all of the in-court appearances required in this case as taken from the court docket.

12. The totality of the record does not support a finding that this matter was complex as defined under the statute nor the applicable case law. Mr. Wallace is a qualified criminal defense attorney who regularly appears before this Court in federal criminal matters. This case arose from a confidential informant working with the ATF who informed law enforcement that the Defendant was a convicted felon from whom he could purchase firearms. Subsequent meetings with the Defendant resulted in a purchase of a firearm. As is reflected in this Court's Detention Order [D.E. #8], this was not a complex or involved matter. This Court understands that the Defendant may have chosen to cooperate with several agencies to be debriefed or assist in other prosecutions. However, this Court does not consider that to fall within the definitions of complex or extended as referenced above.

13. This Court must also find that the matter was not "extended" as defined above. The total time involved from the Defendant's initial appearance and appointment of counsel through the date of sentencing is a total of seven months. That is not an unusually long period of time.

14. This Court appreciates the services which were provided by Mr. Wallace to the Defendant in this case. As this Court has stated innumerable times on the record, it must perform its function in regards to reviewing the CJA Vouchers as a gatekeeper to balance out the entitlement of a defendant to competent representation and the ability of the court appointed counsel to be fully compensated. This Court is not specifically excluding any particular time that Mr. Wallace lists as being devoted by him in representation of the Defendant Cummings in this case. However, this Court must balance the right of court appointed counsel to receive adequate compensation for such representation to an indigent defendant with the understanding and realization that there are limited CJA funds available in this district and nationwide for payment of such services.

15. It is a well known fact and this Court has reiterated this on the record on several occasions, that Congress has reduced the amount of funds for defender services nationwide. This includes funds for the Federal Public Defender and available funds for CJA counsel. This Court must make certain that defense counsel is adequately compensated in each case with the understanding that full compensation will probably not occur. In addition, this Court must make certain that such amounts exceeding the statutory cap as requested herein, are not paid unless there is sufficient justification under the applicable case law and statutory framework. If this Court, and other courts, did not provide this gatekeeper function, the impact on the availability of CJA funds to indigent

defendants in the future would be much more severe than it is under the present budgetary mess in which we find ourselves.

16.    In reducing the amount sought by Mr. Wallace to the statutory cap of $9,700.00, this Court is not calling into question any of the tasks performed by him nor the time devoted to those tasks.  This Court is merely making a determination that under the statutory framework and definitions which this Court must follow in respect to the applicable case law, this Court finds that this case does not meet the definitions of either being "extended" nor "complex."  In doing so, this Court must make certain that in performing its gatekeeper function, there will be funds available in the future for indigent defendants who have not yet been arrested.  In other words, we cannot deplete all of the defender funds as we go along and then try to "figure out" a way to compensate counsel for those other indigent defendants who will need court appointed counsel well down the road.

17.    As a result of the foregoing, Mr. Wallace's recovery of attorney's fees is limited to the statutory amount of $9,700.00 plus travel expenses in the amount of $1,717.60 and copying charges in the amount of $43.50, for a total of $11,461,10.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 13-1002 be **GRANTED** insofar as Mr. Wallace be awarded the statutory maximum of $9,700.00 as reasonable attorney's fees together with travel expenses in the amount of $1,717.60 and other expenses in the amount of $43.50, for a total sum of $11,461.10.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's

right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 24th day of March, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Arthur L. Wallace, Esq.
Lucy Lara, CJA Administrator